IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| HARCO NATIONAL INSURANCE COMPANY, <br><br>  Plaintiff <br><br> v. <br><br> VOLUNTEER INTERNATIONAL, INC., <br><br>  Defendant. | Case No.: |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiff Harco National Insurance Company ("Harco"), by and through its attorneys, Cozen O'Connor, and for its Complaint against Defendant Volunteer International Inc. ("Volunteer"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1.

This is an action for a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, arising from alleged hailstorm damage to Volunteer's buildings for which Volunteer demands complete coverage under a policy of insurance, No. CPP 0000866 33, ("Policy") issued by Harco.

2.

Harco seeks a declaration that coverage is precluded in large part pursuant to the Policy's exclusions for cosmetic damage and wear and tear, as well as a stay of the appraisal proceeding between the parties.

## JURISDICTION

3.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.

This action is filed under and pursuant to the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual controversy of a justiciable nature exists between Harco and Volunteer as to whether any damages are covered under the Policy.

5.

Harco has not sought, in any other action, an adjudication of any rights and liabilities under the Policy.

## VENUE

6.

Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that the events giving rise to the claim occurred in this district.

## PARTIES

7.

Harco is an insurance company, which is incorporated in Illinois and has its principal place of business in North Carolina.

8.

Volunteer is a full service heavy and medium-duty truck dealership, which is incorporated in Delaware and has its principal place of business in Tennessee.

## FACTS

### The Policy

9.

Harco issued the Policy to Volunteer for the policy period April 1, 2017 to April 1, 2018. Attached hereto as Exhibit A is a true and correct copy of the Policy, and the terms of the Policy are incorporated fully herein by reference.

10.

Volunteer is the named insured under the Policy.

11.

Upon information and belief, Volunteer is the owner of buildings located at 626 Airways Boulevard, Jackson, Tennessee 38301 ("Property").

12.

The Policy covers "direct physical loss of or damage to Covered Property at the Property described in the Declarations caused by or resulting from any Covered Cause of Loss." Exhibit A, Building and Personal Property Coverage Form.

13.

The Policy contains the following relevant provisions:

* * *



| Loc. No. | Bldg. No. | Designated Locations (Address, City, State, Zip Code) | Occupancy |
|---|---|---|---|
| 001 | 001 | 626 AIRWAYS BLVD, JACKSON, TN 38301-0000 | TRUCK SALES SRV |
| 001 | 002 | 626 AIRWAYS BLVD, 1ST REAR, JACKSON, TN 38301-0000 | TRUCK WASH BAY |
| 001 | 003 | 626 AIRWAYS BLVD, 2ND REAR, JACKSON, TN 38301-0000 | BODY SHOP |
| 001 | 004 | 626 AIRWAYS BLVD, 3RD REAR, JACKSON, TN 38301-0000 | TRK PAINT BOOTH |
| 001 | 005 | 626 AIRWAYS BLVD, 4TH REAR, JACKSON, TN 38301-0000 | BODY SHOP |

\* \* \*

Section B under Causes of Loss – Special Form lists Policy exclusions and states the following:

\* \* \*

> 2. We will not pay for loss or damage caused by or resulting from any of the following:

\* \* \*

> d.(1) Wear and tear;

\* \* \*

The Policy also contains the following exclusion by endorsement:

\* \* \*

4

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LIMITATIONS ON COVERAGE FOR ROOF SURFACING

This endorsement modifies insurance provided under the following:

BUILDERS RISK COVERAGE FORM
BUILDING AND PERSONAL PROPERTY COVERAGE FORM
CONDOMINIUM ASSOCIATION COVERAGE FORM
CONDOMINIUM COMMERCIAL UNIT-OWNERS COVERAGE FORM
STANDARD PROPERTY POLICY

**SCHEDULE**

| Premises Number | Building Number | Indicate Applicability (Paragraph A. and/or Paragraph B.) |
|---|---|---|
| 001 | 001 | Paragraph B. |
| 001 | 002 | Paragraph B. |
| 001 | 003 | Paragraph B. |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |||

A. The following applies with respect to loss or damage by a **Covered Cause of Loss (including wind and hail if covered)** to a building or structure identified in the Schedule as being subject to this Paragraph **A.**:

Replacement Cost coverage (if otherwise applicable to such property) does not apply to roof surfacing. Instead, we will determine the value of roof surfacing at actual cash value as of the time of loss or damage.

B. The following applies with respect to loss or damage by **wind and/or hail** to a building or structure identified in the Schedule as being subject to this Paragraph **B.**:

We will not pay for cosmetic damage to roof surfacing caused by wind and/or hail. For the purpose of this endorsement, cosmetic damage means that the wind and/or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred.

C. For the purpose of this endorsement, roof surfacing refers to the shingles, tiles, cladding, metal or synthetic sheeting or similar materials covering the roof and includes all materials used in securing the roof surface and all materials applied to or under the roof surface for moisture protection, as well as roof flashing.

5

LEGAL\44343587\4

\* \* \*

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LIMITATIONS ON COVERAGE FOR ROOF SURFACING

This endorsement modifies insurance provided under the following:

BUILDERS RISK COVERAGE FORM
BUILDING AND PERSONAL PROPERTY COVERAGE FORM
CONDOMINIUM ASSOCIATION COVERAGE FORM
CONDOMINIUM COMMERCIAL UNIT-OWNERS COVERAGE FORM
STANDARD PROPERTY POLICY

**SCHEDULE**

| Premises Number | Building Number | Indicate Applicability (Paragraph A. and/or Paragraph B.) |
|---|---|---|
| 001 | 004 | Paragraph B. |
| 001 | 005 | Paragraph B. |
|  |  |  |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

A. The following applies with respect to loss or damage by a **Covered Cause of Loss (including wind and hail if covered)** to a building or structure identified in the Schedule as being subject to this Paragraph **A.**:

Replacement Cost coverage (if otherwise applicable to such property) does not apply to roof surfacing. Instead, we will determine the value of roof surfacing at actual cash value as of the time of loss or damage.

B. The following applies with respect to loss or damage by **wind and/or hail** to a building or structure identified in the Schedule as being subject to this Paragraph **B.**:

We will not pay for cosmetic damage to roof surfacing caused by wind and/or hail. For the purpose of this endorsement, cosmetic damage means that the wind and/or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred.

C. For the purpose of this endorsement, roof surfacing refers to the shingles, tiles, cladding, metal or synthetic sheeting or similar materials covering the roof and includes all materials used in securing the roof surface and all materials applied to or under the roof surface for moisture protection, as well as roof flashing.

\* \* \*

LEGAL\44343587\4

**The Claim**

14.

On or about February 24, 2018, the Property allegedly sustained roof damage due to a hailstorm.

15.

On or about July 6, 2018, Volunteer notified Harco of the purported loss.

16.

Harco retained Mason Claims Services ("Mason") as a field adjuster to inspect the damage, and prepare an estimate for the cost of repairing any damage, which Harco determined was covered under the Policy.

17.

Mason estimator Travis Robertson completed a report on July 17, 2018, in which he estimated the storm-related damages to be $26,352.46.

18.

After accounting for the Policy's $1,000 deductible, Harco subsequently paid $25,352.46 to Volunteer on July 30, 2018.

19.

In an effort to develop its own estimate of the storm-related damages, Volunteer retained Affordable Construction Services, Inc. ("Affordable").

20.

Affordable estimated damage in the amount of approximately $400,000.00 to replace the roofing.

7

21.

Volunteer also retained an engineer, Steve Prosser, P.E. of Prosser & Associates ("Prosser"), to conduct an inspection, which was conducted on September 4, 2018.

22.

In Prosser's report issued on October 11, 2018, he concluded that "complete and full roof panels, trim, and insulation replacement" was required.

23.

Harco retained its own engineer, Matthew E. Buckner, P.E. of EDT Forensic Engineering and Consulting ("Buckner") to conduct an investigation of alleged damage at the Property.

24.

Buckner's inspection took place on March 29, 2019, and his report followed on April 25, 2019.

25.

Buckner found that there was no functional damage to the Property's roofing, and that any indentations were cosmetic in nature.

26.

The repairs recommended were re-coating of the metal roofing for damage to its aluminized coating on one of the buildings, as opposed to complete replacement of the roofing.

27.

It has become clear to Harco that there is a disagreement between the parties on coverage under the Policy.

28.

Specifically, it is Harco's position that the vast majority of the damages being claimed by Volunteer are excluded pursuant to the Policy's exclusions for cosmetic damage and wear and tear.

29.

Harco seeks a judicial declaration that coverage is precluded pursuant to the Policy's exclusions for cosmetic damage and wear and tear, and that it has no duty to pay Volunteer under the Policy beyond what Harco has already paid and determined to be covered.

30.

A declaration is necessary at this time in order that the dispute about the parties' rights, obligations, and responsibilities, if any, under the Policy may be resolved and the respective rights and duties of the parties, if any, may be established with regard to Volunteer's claim.

**The Appraisal**

31.

On August 2, 2019, Volunteer demanded an appraisal pursuant to the Policy.

32.

In doing so, Volunteer stated that it disagreed with the amount of loss calculated by Harco.

33.

Harco retained its own appraiser, David Green of Grecco Construction Consultants, who inspected the Property on September 25, 2019 and estimated the damages to be $108,052.90.

34.

Thereafter, in November of 2019, Volunteer's appraiser, William Griffin ("Griffin"), submitted an estimate for damages in the amount of $957,578.42.

9

35.

Upon review of Griffin's report, it became apparent that Griffin was calculating the cost of repair for damage not covered by the Policy thereby creating issues concerning coverage between the parties.

36.

Harco seeks a stay of the appraisal proceeding between the parties.

37.

A stay of the appraisal proceeding is necessary at this time because appraisal is only appropriate once coverage or liability issues have been resolved.

38.

Continuing with the appraisal while resolution of coverage or liability issues are pending before this Court would be a waste of time and the parties' resources.

39.

Because the requested declaration will resolve these issues, continuing with the appraisal process would be premature at this time.

## COUNT ONE

### (Declaratory Judgment That The Remainder of Volunteer's Claim is Excluded Under the Policy)

40.

Harco repeats and realleges paragraphs 1 through 39 hereof, as if fully set forth herein.

41.

An actual controversy of a justiciable nature exists between Harco and Volunteer as to whether any damages are covered under the Policy.

42.

Harco is under no obligation to pay Volunteer under the Policy in connection with Volunteer's claim because the Policy's exclusions for cosmetic damage and wear and tear apply to preclude coverage for any amounts beyond what Harco has already paid and damage determined covered by Harco.

43.

By reason of the foregoing, Harco seeks a declaration from this Court as to the parties' rights, obligations, and responsibilities, if any, under the Policy with regard to Volunteer's claim.

**WHEREFORE**, Harco requests judgment as follows:

A.    On Count One, declaring that Volunteer is not entitled to coverage under the Policy for its claim;

B.    On Count One, declaring that Harco is under no obligation to pay Volunteer under the Policy in connection with Volunteer's claim for any amounts beyond what Harco has already paid and determined to be damaged;

C.    Declaring a stay of the appraisal proceeding between the parties pending the resolution of the coverage issues related to Volunteer's claim;

D.    Awarding Volunteer its costs, attorneys' fees, and disbursements; and

E.    Granting Harco such other and further relief as the Court deems just and proper.

Respectfully submitted this 22nd day of January, 2020.

                                                s/ Kenan G. Loomis
                                                Kenan G. Loomis
                                                Tennessee Bar No. 026150
                                                Cozen O'Connor
                                                1230 Peachtree Street, NE
                                                The Promenade, Suite 400
                                                Atlanta, Georgia 30309
                                                Telephone: (404) 572-2028
                                                E-mail: kloomis@cozen.com

                                                *Attorneys for Plaintiff*
                                                *Harco National Insurance Company*

LEGAL\44343587\4